# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:12-cv-334-RJC

| | | |
|---|---|---|
| **SHARON PEARSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| **CHARLOTTE MECKLENBURG SCHOOLS,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** comes before the Court for initial review pursuant to 28 U.S.C. §

1915(e). Plaintiff, who is proceeding pro se, filed a Complaint, (Doc. No. 1), on May 29, 2012.

Pro se Plaintiff Sharon Pearson filed this lawsuit on a form used by the Court for actions

brought pursuant to 42 U.S.C. § 1983. Plaintiff does not cite to any federal constitutional

provisions or other federal statutes in her Complaint but does refer to the Americans with

Disabilities Act in her Charge of Discrimination before the Equal Employment Opportunity

Commission ("EEOC"). (Doc. No. 4 at 5). Plaintiff alleges that she was discriminated against

when Defendant Charlotte Mecklenburg Schools failed to hire her based on the fact that she

suffers from sickle cell disease and based on her gender. Plaintiff's allegations, therefore, appear

to be in the nature of an employment discrimination action brought pursuant to Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Americans with Disabilities Act of

1990, 42 U.S.C. § 12101 et seq.; the Genetic Information Nondiscrimination Act of 2008, 42

U.S.C. § 2000ff-1(a) et seq.; and/or N.C. GEN. STAT. § 95-28.1 (prohibiting discrimination

against any person possessing the Sickle Cell or Hemoglobin C trait).

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). In assessing whether Plaintiff's claim fails to state a claim on which relief may be granted, the Court uses the same standard for a dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003).

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In an attachment to the Complaint, Plaintiff states that she is "seeking redress for harassment, discrimination and denial of employment including the providing of negative evaluations once information of the disability [sickle cell disease] was made known." (Doc. No.

1-1 at 1). "In order to state a claim for relief, Plaintiff['s] complaint need not make out a prima facie case of employment discrimination. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 (2002). Rather, it must allege facts sufficient to nudge [her] claims across the line from merely conceivable to plausible . . ." <u>Bannister v. Wal-Mart Stores East, L.P.</u>, No. 4:11-cv-94, 2012 489239, at *6 (E.D.N.C. Feb. 14, 2012) (Boyle, J.). In <u>Swierkiewicz</u>, the Supreme Court held that the <u>McDonnell Douglas</u> framework is merely an evidentiary standard by which a plaintiff's claims are often judged upon summary judgment and that a plaintiff's statement of claim is sufficient if it passes Rule 8(a)'s requirements. <u>Swierkiewicz</u>, 534 U.S. at 513.

Plaintiff's claim passes this threshold. Plaintiff explains that she was employed with the Charlotte Mecklenburg Schools before she was notified that her school would be closing. (<u>Id.</u>). She attempted to apply for jobs within the system. (<u>Id.</u>). Plaintiff states that once Defendant found out about her sickle cell disease Defendant denied her promotions and other internal employment opportunities, including transfers. (<u>Id.</u>). Plaintiff ultimately found herself without a job at CMS. (<u>Id.</u>). Plaintiff states that, as relief, she is seeking back pay from 2009 up to 2012. (<u>Id.</u> at 3). Plaintiff's Complaint sufficiently raises a claim of disability discrimination for purposes of initial review.

**IT IS, THEREFORE, ORDERED** that:

1.      the Clerk shall issue a summons for service upon the defendant in accordance with Plaintiff's proposed summons, (Doc. No. 1-6); and

2.      the United States Marshal shall serve Defendant.

Signed: August 21, 2012

Robert J. Conrad, Jr.
Chief United States District Judge