**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL ACTION NO. 3:12 CV-334-RJC**

| | | |
|---|---|---|
| **SHARON PEARSON** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF LAW IN** |
| | ) | **SUPPORT OF DEFENDANT'S** |
| **CHARLOTTE-MECKLENBURG** | ) | **PRE-ANSWER MOTIONS** |
| **SCHOOLS.** | ) | **TO DISMISS** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**NOW COMES** Defendant, **CHARLOTTE-MECKLENBURG BOARD OF EDUCATION** (hereinafter the "Board"), and files this Memorandum of Law in Support of its Pre-Answer Motions to Dismiss.

## SUMMARY

I.       This Court should grant the Board's Motion to Dismiss pursuant to Rule 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure because Plaintiff has sued the "Charlotte-Mecklenburg Schools", which is not a legal entity that can be sued.  In accordance with N.C.G.S. § 115C-40, the body corporate that operates and maintains the public schools within Mecklenburg County is the "Charlotte-Mecklenburg Board of Education."  Therefore, the Plaintiff has not asserted

jurisdiction over the appropriate defendant and has failed to state a claim for which relief may be granted.

      II.     In the alternative, the Plaintiff's "claim for relief" and assertion of jurisdiction under 42 U.S.C. § 1983 should be dismissed pursuant to Rule 12(b)(6) and 12(b)(2), because the complaint fails to establish jurisdiction or a valid claim under 42 U.S.C. § 1983.

## PROCEDURAL HISTORY

On May 29, 2012, Plaintiff, appearing *pro se*, filed her Complaint against the "Charlotte Mecklenburg Schools". Plaintiff filed a template form complaint, along with several attachments, and checked 42 U.S.C. § 1983 as the basis for jurisdiction. (Doc. 1) The Plaintiff, however, does not identify any specific facts alleging a violation of the U.S. Constitution or other federal law that would allow a plaintiff to file suit under 42 U.S.C. § 1983. Instead, Plaintiff states facts, as this Court pointed out, that are much more akin to a claim for discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. § 1210 et seq., the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff-1(a) et seq. and/or N.C. Gen. Stat. § 95-28.1. On August 21, 2012 this Court conducted an initial review pursuant to 28 U.S.C. § 19158(e) in order to determine whether the Plaintiff's Complaint is subject to dismissal on the grounds that it fails to state a claim on which relief may be granted. (Doc. 5, p. 2) After reviewing the

Complaint, this Court held that "Plaintiff's Complaint sufficiently raises a claim of disability discrimination for purposes of initial review." (*Id.* p. 3) However, the issue of whether there is a valid claim or jurisdiction under 42 U.S.C. § 1983 remains a concern to this Defendant.

## <u>ARGUMENT</u>

**I.      This Court should grant the Board's Motion to Dismiss because the legal entity identified in the Complaint does not exist and deprive this Court of any jurisdiction over the correct parties or parties so identified.**

Plaintiff's complaint against the Board should be dismissed because it is not a proper party to this action, as "Charlotte Mecklenburg Schools" is not a legal entity subject to suit.

In North Carolina, "the board of education of each county in the State is a body corporate by the name and style of 'The _____ County Board of Education.'" N.C. Gen. Stat. § 115C-40. The statute goes on to state the local board of education has general control and supervision of all matters pertaining to the public schools and further, the local board is capable of "prosecuting and defending suits for or against the corporation." *Id.*

Our courts have granted a school board's motion to dismiss when plaintiffs did not name the board by its official title. For instance, in *M.S. v. Fairfax County School Bd.*, 2006 WL 721372 (E.D. Va. Mar. 20, 2006), the plaintiffs sued "Fairfax County Public Schools". *Id.* The proper party, however, was the "Fairfax

County School Board." *Id.* The plaintiffs argued that "Fairfax County Public Schools" was the named party in the administrative proceedings, and it had the "trappings of a legal entity," including letterhead and website. *Id.* The court in *Fairfax* did not find any authority that the "Fairfax County Public Schools" was a corporate body and therefore able to be sued. *Id.* Therefore, the court held a civil action did not lie against the "Fairfax County Public Schools" and the court dismissed the suit." *Id. See also Faircloth v. Sampson County Sch.*, 2010 WL 5173601 (E.D.N.C. Dec. 10, 2010) (dismissing *pro se* plaintiff's complaint when plaintiff sued "Sampson County Schools" and service did not comply with Rule 4(j)); *Miller v. Henderson,* 71 N.C. App. 366, 371, 322 S.E.2d 594, 598 (1984) (holding the plaintiff should have brought claims against the Beaufort County Board of Education as a corporate entity and not against individual board members).

Similar to the plaintiffs in *Fairfax*, Plaintiff sued the "Charlotte-Mecklenburg Schools" instead of suing the corporate entity with legal responsibility over the schools in Mecklenburg County, the Plaintiff brought suit against an entity with no legal standing to be sued. "Charlotte-Mecklenburg Schools" is nothing more than a name. In accordance with N.C. Gen. Stat. § 115C-40, the "Charlotte-Mecklenburg County Board of Education" is the corporate entity

and there is no authority for "Charlotte Mecklenburg Schools" to sue or be sued.

For those reasons, the Court should dismiss the Plaintiff's complaint.

## II.    This Court should grant the Board's Motion to Dismiss the 42 U.S.C. § 1983 claim because Plaintiff's complaint fails to allege a basis for liability or jurisdiction.

Plaintiff's complaint alleges that this court has jurisdiction over the parties

pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, however, fails to identify a

specific constitutional or federal statute regarding her § 1983 claim; rather the

complaint simply states she was discriminated against due to her disability.  While

the Plaintiff's complaint may sufficiently raise a claim of discrimination under the

ADA or GINA (Doc. 5, p.3), there remains a substantial issue as to whether there

is a separate, valid claim under 42 U.S.C. § 1983.  Although the Plaintiff merely

checked the box on a template form, the Defendant is requesting the Court dismiss

any claim under 42 U.S.C. § 1983 the Plaintiff may have intentionally or

inadvertently raised in the complaint, leaving only the discrimination claim

contemplated in this Court's August 21, 2012 order.

In order to allege a § 1983 action against a school board, a plaintiff must

allege that they were deprived of a constitutional or other federal right because of

the school's policy, custom or practice.  *Dawkins v. Richmond County Sch.*, 2012

WL 1580455 (M.D.N.C. May 4, 2012)(citing *Love–Lane v. Martin,* 355 F.3d 766,

782 (4th Cir.2004).

A policy can be officially adopted and carried out, or a "policy" can be a persistent and widespread practice by city officials and employees, although not expressly codified by municipal policy. *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009). If a plaintiff does not allege a policy, a court will dismiss their complaint. *See e.g. Landry v. N. Carolina*, 2011 WL 3683231 (W.D.N.C. Mar. 11, 2011) (granting motion to dismiss when plaintiff made no allegations that she sustained any injuries as the result of the execution of a policy or custom).

To hold a school liable for a single decision, or violation, the decision maker must possess final authority to establish board policy with respect to the action ordered. *Id.* (citing *Love-Lane,* 355 F.3d at 782); *see e.g. Livsey v. Salt Lake County*, 275 F.3d 952, 958 (10th Cir. 2001) ("A municipality may not be held liable for the actions of its employees if those actions do not constitute a violation of a plaintiff's constitutional rights."). Indeed, a school board "cannot be held liable for personnel decisions over which it did not retain final review authority." *Id*. (*citing Love-Lane*, 355 F.3d at 782).

Here, Plaintiff does not identify any Board policy, custom, or practice which caused her "injuries." Plaintiff does not allege that the Board had a policy that authorized discrimination based on disability, much less identify a decision maker with final authority to establish a practice or policy of such discrimination.

While it is somewhat unclear whether the ADA forecloses or preempts a §

1983 claim in the Fourth Circuit, in this particular instance the Plaintiff has failed

to establish a viable § 1983 claim and the Defendant respectfully requests the

Court to dismiss this "claim."  *See Pathways Psychosocial, et al. v. Town of*

*Leonardtown, MD et al.* 223 F.Supp.2d 699, 707-9 (M.D. 2002).  A dismissal of

the § 1983 claim would provide clarity and narrow the legal issues that are

supported by the allegations contained in Plaintiff's Complaint.

## CONCLUSION

For the reasons stated herein, the Board respectfully requests this Court enter

an order as follows:

1.    That Plaintiff's Complaint be dismissed pursuant to Rule 12(b)(1), (2),

and (6) for failure to name the proper party;

2.    In the alternative, the Court dismiss any claim under 42 U.S.C. §

1983.

3.    For such other and further relief that this Court deems proper.

This the 28th day of November 2012.

**CAMPBELL SHATLEY, PLLC**

 s/ K. Dean Shatley, II
K. Dean Shatley, II
NC State Bar No. 31782
Brian D. Elston
NC State Bar No. 39662
674 Merrimon Ave., Suite 210

Asheville, NC 28804
(828) 398-2775
(828) 398-2795 *fax*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served this *Memorandum of Law in Support of Defendant's Pre-Answer Motions to Dismiss* in the above entitled action upon all parties to this cause by depositing a copy hereof in a post office or official depository under the exclusive care and custody of the United States Postal Service properly addressed to the attorney(s) of record as listed

Ms. Sharon Pearson
1625 Kings Ridge Dr.
#304
Charlotte, NC 28217

This the 28th day of November 2012.

s/ K. Dean Shatley, II