**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:12-CV-334-RJC-DSC**

| | |
|---|---|
| SHARON PEARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARLOTTE-MECKLENBURG SCHOOLS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss R. Civ. Pro. 12(b)(1), (2), and (6)" (doc. 12) and "Memorandum of Law in Support of Defendant's Pre-Answer Motions to Dismiss" (doc. 13), both filed November 28, 2012. On December 19, 2012, the Court entered an "Order to Show Cause" (doc. 14) directing that

> On or before January 22, 2013, the Plaintiff shall SHOW CAUSE why the Complaint should not be DISMISSED for failure to prosecute this action. The Plaintiff is warned that failure to make a timely response to this Order to Show Cause may result in DISMISSAL of this lawsuit WITH PREJUDICE.

On December 26, 2012, Plaintiff filed her Response stating that the Motion to Dismiss had been sent to the wrong address. Plaintiff did not address any of the substantive arguments contained in Defendant's Motion, but requested that the Court not dismiss the case. On January 3, 2013, Defendant filed its "Reply Brief" (doc. 16).

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for the Court's consideration.

1

I. **PROCEDURAL AND FACTUAL BACKGROUND**

On May 29, 2012, the pro se Plaintiff filed her Complaint (doc. 1) against the "Charlotte Mecklenburg Schools." Plaintiff filed a template form complaint, along with several attachments, and checked 42 U.S.C. § 1983 as the basis for jurisdiction. Id.

II. **DISCUSSION**

"State law dictates whether a [state] governmental agency has the capacity to be sued in federal court." Hunter v. Wake County Bd. of Educ., No. 5:08–CV–62–D, 2008 WL 2695813, at *1 (E.D.N.C. Jul. 8, 2008) (quoting Efird v. Riley, 342 F.Supp.2d 413, 419–20 (M.D.N.C. 2004)). In North Carolina, "the board of education of each county in the State is a body corporate by the name and style of 'The _____ County Board of Education.'" N.C. Gen. Stat. § 115C-40. The statute also provides that the local board of education has general control and supervision over all matters pertaining to the public schools and further, that the local board is charged with "prosecuting and defending suits for or against the corporation." Id. Charlotte-Mecklenburg Schools is not a corporate entity subject to suit under North Carolina law. Rather, the local board of education is the relevant corporate entity. Id.; see Hunter, 2008 WL 2695813, at *1 (holding that "Wake County Public Schools" was not a legal entity capable of being sued in federal court for alleged employment discrimination). Consequently, the undersigned recommends that Defendant's Motion to Dismiss be granted.

III. **ORDER**

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and

Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss R. Civ. Pro. 12(b)(1), (2), and (6)" (doc. 12) be **GRANTED without prejudice**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: January 8, 2013

David S. Cayer
United States Magistrate Judge