# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-334-RJC

| | |
|---|---|
| SHARON PEARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHARLOTTE MECKLENBURG SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant Charlotte-Mecklenburg Schools' Motion to Dismiss, (Doc. No. 12), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 20), recommending that this Court grant Defendant's Motion.

Pro se Plaintiff Sharon Pearson ("Plaintiff") alleges in her Complaint, (Doc. No. 1), that she was discriminated against when Defendant Charlotte Mecklenburg Schools ("Defendant") failed to hire her based on the fact that she suffers from sickle cell disease and based on her gender. Plaintiff's allegations, therefore, appear to be in the nature of an employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff-1(a) et seq.; and/or N.C. Gen. Stat. § 95-28.1 (prohibiting discrimination against any person possessing the Sickle Cell or Hemoglobin C trait).

On November 28, 2012, Defendant filed a Motion to Dismiss Plaintiff's Complaint. (Doc. No. 12). Plaintiff responded, (Doc. No. 15), and Defendant replied, (Doc. No. 16). In its Motion to Dismiss, Defendant argues that because Plaintiff named Charlotte-Mecklenburg Schools as Defendant, which is not a legal entity that can be sued, and not Charlotte-Mecklenburg Board of Education, Plaintiff has not asserted jurisdiction over the appropriate defendant and has failed to state a claim for which relief may be granted. (Doc. No. 12 at 1-2); see FED. R. CIV. P. 12(b)(6).

On January 7 and January 8, 2013, Plaintiff filed two documents entitled "addendum," and a second Response in Opposition to Defendant's Motion to Dismiss. See (Doc. Nos. 17; 18; 19). In these filings, Plaintiff attempts to explain why she named Charlotte-Mecklenburg Schools and not Charlotte-Mecklenburg Board of Education. See (id.). The Magistrate Judge filed an M&R on January 8, 2013, recommending that this Court grant Defendant's Motion to Dismiss because Plaintiff failed to name the proper party. (Doc. No. 12). Plaintiff filed a third Response in Opposition to the Motion to Dismiss on January 18, 2013, (Doc. No. 23), and an Objection to the M&R on January 22, 2013, (Doc. No. 22). In her Objection to the M&R, (Doc. No. 22), Plaintiff "asks the courts to allow me to insert, and or amend the name to show Charlotte-Mecklenburg Board of Education." (Id. at 2). Plaintiff also reiterates Defendant's statement from its Motion to Dismiss that Plaintiff should be required to file a new or amended complaint. (Id.).

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Supreme Court has declared that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). The law is well settled "that leave to amend a pleading should be denied only when the amendment would be

2

prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). Delay alone is an insufficient reason to deny leave to amend. See id. Rather, the delay must be accompanied by prejudice, bad faith, or futility. See id. There is no evidence that Plaintiff's request to amend was made in bad faith, or that allowing amendment will prejudice Defendant. Further, it is not readily apparent that amendment would be futile.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have **thirty (30) days** from the entry of this Order to file a Motion for Leave to Amend Complaint, accompanied by a proposed Amended Complaint naming the proper party as a defendant.

Signed: February 4, 2013

Robert J. Conrad, Jr.
Chief United States District Judge