UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-334-RJC

| | |
|---|---|
| SHARON PEARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHARLOTTE MECKLENBURG SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Amend Complaint. (Doc. No. 27). Pro se Plaintiff Sharon Pearson ("Plaintiff") alleges in her Complaint, (Doc. No. 1), that she was discriminated against when Defendant Charlotte-Mecklenburg Schools ("Defendant") failed to hire her based on the fact that she suffers from sickle cell disease and based on her gender. On November 28, 2012, Defendant filed a Motion to Dismiss Plaintiff's Complaint. (Doc. No. 12). Plaintiff responded, (Doc. No. 15), and Defendant replied, (Doc. No. 16). In its Motion to Dismiss, Defendant argues that because Plaintiff named Charlotte-Mecklenburg Schools as Defendant, which is not a legal entity that can be sued, and not Charlotte-Mecklenburg Board of Education, Plaintiff has not asserted jurisdiction over the appropriate defendant and has failed to state a claim for which relief may be granted. (Doc. No. 12 at 1-2); see FED. R. CIV. P. 12(b)(6).

The Magistrate Judge filed an M&R on January 8, 2013, recommending that this Court grant Defendant's Motion to Dismiss because Plaintiff failed to name the proper party. (Doc. No. 12). Plaintiff filed an Objection to the M&R on January 22, 2013, (Doc. No. 22), in which she "asks the courts to allow me to insert, and or amend the name to show Charlotte-

1

Mecklenburg Board of Education." (Id. at 2). This Court ordered Plaintiff to file a Motion for Leave to Amend, accompanied by a proposed Amended Complaint, within thirty (30) days of entry of the Court's February 4, 2013 Order. (Doc. No. 24). Plaintiff filed a Motion to Amend on March 1, 2013. (Doc. No. 27).

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Supreme Court has declared that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). The law is well settled "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). Delay alone is an insufficient reason to deny leave to amend. See id. Rather, the delay must be accompanied by prejudice, bad faith, or futility. See id. There is no evidence that Plaintiff's Motion to Amend was made in bad faith, or that allowing amendment will prejudice Defendant. Further, it is not readily apparent that amendment would be futile. Plaintiff's Motion to Amend, (Doc. No. 27), is **GRANTED**.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings must be dismissed as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also Collin v. Marconi Commerce Sys. Employees' Ret. Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiff's filing of the Second Amended Complaint"); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal

Practice and Procedure § 1476 (2d ed. 1990)) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). Here, Defendant's arguments in its Motion to Dismiss rely completely on the fact that Plaintiff named the wrong party as defendant, and the Magistrate Judge's M&R is similarly limited. Defendant's Motion to Dismiss, (Doc. No. 12), and the Magistrate Judge's M&R, (Doc. No. 20), are each **DISMISSED** as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Amend, (Doc. No. 27), is **GRANTED**;

2. Defendant Charlotte-Mecklenburg Schools' Motion to Dismiss, (Doc. No. 12), is **DISMISSED** as moot; and

3. The Magistrate Judge's Memorandum and Recommendation, (Doc. No. 20), is **DISMISSED** as moot.

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge

3

Case 3:12-cv-00334-RJC-DSC   Document 28   Filed 03/22/13   Page 3 of 3